## COFFIN v. SPENCER et al.

*(Circuit Court, D. Indiana.   July 20, 1889.)*

NEGOTIABLE INSTRUMENTS — NEGOTIABILITY — CERTAINTY AS TO TIME OF PAYMENT.

A promissory note stipulated that "the payee or holder of this note may renew or extend the time of payment of the same from time to time as often as required, without notice, and without prejudice to the rights of such payee or holder to enforce payment against the makers, sureties, and indorsers, and each of them, parties hereto, at any time, when the same may be due and payable." *Held,* that the note was not negotiable.

At Law.   On demurrer to answer.

The action is upon an instrument of the following tenor:

"$1,941.58.                                              RICHMOND, IND., Sept. 15th, 1884.

"Four months after date I promise to pay to the order of Turner W. Haynes, nineteen hundred and forty-one 58-100 dollars, at the First National Bank of Richmond, Indiana, value received, without any relief from valuation or appraisement laws, with interest at the rate of eight per cent. per annum after maturity, and five per cent. attorney's fees.   The drawers and indorsers severally waive presentment for payment, protest, and notice of protest, and non-payment of this note.   And the payee or holder of this note may renew or extend the time of payment of the same from time to time, as often as required, without notice, and without prejudice to the rights of such payee or holder to enforce payment against the makers, sureties, and indorsers, and each of them, parties hereto, at any time when the same may be due and payable.                                                          WILLIAM F. SPENCER.

"Indorsed: F. W. HAYNES."

If this is a promissory note negotiable as by the law-merchant, the defense alleged, it is conceded, is not good; but, if the paper is nonnegotiable, the answer is sufficient.

*Burchenal & Rupe,* for plaintiff.

*D. M. Bradbury* and *Fox & Robbins,* for defendants.

WOODS, J., *(after stating the facts as above.)*   The question presented is whether or not the instrument sued upon is a negotiable promissory note,

and the solution of the question depends upon the meaning and force of the stipulation for renewal or extension of time of payment, which it is claimed makes the time of payment or maturity uncertain. The stipulation is in these words:

"And the payee or holder of this note may renew or extend the time of payment of the same from time to time, as often as required, without notice, and without prejudice to the rights of such payee or holder to enforce payment against the makers, sureties, and indorsers, and each of them, parties hereto, at any time, *when the same may be due and payable.*"

By transposition of the italicized clause two readings, quite different in effect, are possible, as follows: (1) "And the payee or holder of this note, *when the same may be due and payable,* may renew or extend the time of payment from time to time," etc.; or, (2) "And the payee or holder of this note may renew or extend the time of payment, etc., without prejudice to the rights of such payee or holder, *when the same is due and payable,* to enforce judgment against the makers, sureties, and indorsers, and each of them, parties hereto." The latter I think the true reading, and it means that at any time before or after the maturity of the note by its terms or by the terms of any agreement for renewal or extension, the holder, whether the payee or any assignee, may by agreement with the maker, or with an indorser or other party liable on the paper, renew or extend the date of payment, "from time to time," that is to say, definitely, without prejudice ultimately to his remedies against any of the parties. Every successive taker of the paper is, of course, bound to take notice of this stipulation, and, instead of looking only to the face of the instrument for the time of its maturity, as in case of commercial paper he must, is put upon inquiry whether or not any agreement for a renewal or extension of time has been made by his proposed assignor or by any previous holder. "A bill of exchange always implies a personal general credit, not limited or applicable to particular circumstances and events, which cannot be known to the holder of the bill in the general course of negotiation." Story, Bills, § 46. And in *Hartley* v. *Wilkinson*, 4 Maule & S. 25, Lord ELLENBOROUGH says: "How can it be said that this note is a negotiable instrument for the payment of money absolutely, when it is apparent that the party taking it must inquire into an extrinsic fact in order to ascertain if it be payable." See, also, *Insurance Co.* v. *Bill*, 31 Conn. 534. The note in suit, it seems clear enough, cannot be deemed negotiable. It follows that the third paragraph of answer is good, and the demurrer thereto should be overruled; and, I suppose, too, that the complaint fails to show jurisdiction of this court over the parties, in that the payee and indorser of the note, being a citizen of this state, and not entitled to have sued in this court, the assignee cannot. And for this reason the demurrer might be carried back, and sustained to the complaint.